UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CYNTHIA LYNN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-166-HSM-SKL |
| | ) | |
| DRESS BARN ASCENA RETAIL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is an application ("Application") to proceed *in forma pauperis* ("IFP") filed by Cynthia Lynn Carter ("Plaintiff") [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation

and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's Application does not show she is unable to pay the $400.00 filing fee while still affording the necessities of life. Plaintiff's application states that she has a combined checking account balance of $8,515.00 [Doc. 1, Page ID ## 4 & 5]. Plaintiff states she is currently unemployed [Doc. 1, Page ID # 2]; however, Plaintiff states her husband is disabled and receives $791.00 each month for a total monthly household income of $791.00. Plaintiff lists total monthly living expenses of $777.00. Plaintiff also states she is separated [Doc. 1, Page ID # 2] and claims no other dependents. There are further inconsistencies that could be enumerated here[1], but as Plaintiff's Application states she has a total of $8,515.00 in two checking accounts, Plaintiff has reported sufficient resources to pay the filing fee after her monthly living expenses are satisfied.

No doubt, Plaintiff's financial situation is strained as she is unemployed, but I cannot find she is unable to pay the Court's filing fee under the circumstances. Accordingly, I

---

[1] In her monthly living expenses, Plaintiff lists $186.00 for automobile insurance and gasoline, but fails to list any vehicle as an asset [Doc. 1, Page ID ## 5, 7]. Plaintiff lists sizeable debts totaling $73,000 (Plaintiff incorrectly totaled debts as $68,000 rather than $73,000), but failed to list any payments to credit card companies, banks, etc. in monthly living expenses [Doc. 1, Page ID ## 6, 7]. Additionally, Plaintiff states she owns her home at 980 Woodland Drive, Olive Hill, Kentucky, 41164, but failed to declare her home as an asset [Doc. 1, Page ID ## 2, 4].

2

**RECOMMEND** that the Application to proceed IFP [Doc. 1] be **DENIED**.[2]

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).